UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

In re:                              )
                                    )    Case No. 19-14688
Hilda Elena Harispe,                )
                                    )    Chapter 7
      Debtor.                       )
                                    )
_____)

### DEBTOR'S OPPOSITION TO APPLICATION TO EMPLOY REALTOR FOR ESTATE

HERE COMES, Debtor, HILDA ELENA HARISPE, hereinafter referred to as "Debtor," and files her Opposition to Application to Employ Realtor for Estate, and states the following in support thereof:

1. On January 15, 2020, Trustee filed an application to employ a realtor to sell the property "Application" located at 21115 Virginia Pine Terrace, Germantown, MD 20876 "Property."

2. Trustee has filed her Application based on the Court's Order granting summary judgment for Plaintiff in related adversary case no. 19-00269, which was entered on January 14, 2020.

3. On January 14, 2020 this Court entered an Order in Case No. 19-00269 granting summary judgment "Order" in favor of Plaintiff, the Trustee, as to Counts VII and VIII of the Complaint filed by the Plaintiff. *Case No. 19-00269, ECF-29*.

4. Said Order avoided the transfer of the property located at 21115 Virginia Pine Terrace, Germantown, MD 20876 "Property" from Defendant Harispe to Defendant Aburto, holding that such transfer was fraudulent pursuant to 11 U.S.C. § 544 and Maryland Family Law Code §4-301(d)(2).

5. Said Order also held that the "estate's interest in the Property is preserved pursuant to 11 U.S.C. § 551 and Debtor does not qualify under 11 U.S.C. § 522(g) to assert any exemption in the Property when it comes into the estate."

6. Within hours of the entry of said Order, Plaintiff's counsel e-mailed undersigned counsel requesting to begin marketing the Property "E-mail." *See Exhibit 1 evidencing such e-mail*.

7. Rule 7062 states that Fed. R. Civ. Proc. 62 is made applicable to adversary proceedings "except that proceedings to enforce a judgment are stayed for 14 days after its entry."

8. Trustee cannot take any action to execute on this Court's Order until 14 days have passed after the entry of the Order. Filing the Application contravenes the 14 day stay currently in place.

9. In addition, Debtor and her spouse, who are both Defendants in Case No. 19-00269, have filed an appeal of this Court's Order and a motion to stay this Court's Order pending appeal. *Case No. 19-00269, ECF-35*.

WHEREFORE, Debtor respectfully requests that this Court deny Trustee's Application to Employ Realtor for Estate.

Respectfully submitted,

/s/Diana Carolina Valle
Diana Carolina Valle, # 18377
The Valle Law Firm, LLC
10411 Motor City Drive, Ste 750
Bethesda, MD 20817
301-760-4204
diana.valle@vallelawfirm.com
*Counsel for Debtor*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on this 15th day of January, 2020 via cm/ecf electronic delivery notification system to the Trustee and counsel for the Trustee at Justin Philip Fasano, jfasano@mhlawyers.com.

      I hereby also certify that a copy of the foregoing was served on this 15th day of January, 2020 via U.S. first class mail to the following:

Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

Lauren Kline
4650 East West Highway
Bethesda, MD 20814
lauren@laurenklinerealestate.com

                                                /s/ Diana C. Valle
                                                Diana C. Valle